Dear Mr. Cassidy:
I am in receipt of your request for an Attorney General's opinion concerning the reemployment of an individual who worked as the administrative assistant for your office for twenty-five years. You have indicated that this individual entered the Deferred Retirement Option Plan (DROP) for three years and upon his retirement eighteen months ago, received his lump sum benefit. He has continued to receive his monthly benefit since then.
You have indicated that you and Judge Miller would like to hire this individual to administer the collection of fines, court costs and restitution on misdemeanor offenses. You indicate that he would be paid by the criminal court fund.
 You ask an opinion concerning the following questions:
 1) Under LSA-R.S. 15:571.11(A), would the payment of a salary to a person to administer the collection of fines, court costs, and restitution be considered a permissible expenditure of the criminal court fund?
 2) Second, under LSA R.S. 11:1938(L), would this situation be considered a return to employment, thereby causing the employee to return all funds withdrawn from the DROP fund, together with interest, etc. Please note that this individual was paid by the district attorney's office general fund, and that he was not paid by the criminal court fund. Obviously, this individual will not be interested in the job, if he has to repay said benefit, nor will Judge Miller and I be able to wait another eighteen months to hire him.
LSA-R.S. 11:1938(L) provides the following concerning the DROP program:
 L. A member who terminates employment and receives a lump sum or annuity distribution from the applicable Deferred Retirement Option Plan Fund and who subsequently returns to covered employment within a period less than the length of time that the member participated in the plan shall repay all funds withdrawn from the applicable fund together with interest thereon from date of withdrawal to date of repayment at the valuation interest rate.
I spoke with Dana Tully with the Parochial Retirement System concerning the individual-in-question. She indicated that he retired December 1, 1997. Since this individual has been retired nearly two years, he has not waited the period of time as designated in Section L in order not to repay all funds withdrawn from the fund with interest. Section L requires a member to wait a period not less than the length of time that the member participated in the plan. This individual participated three years in the plan and must therefore wait three years prior to returning to covered employment. He could return to employment after December 1, 2000. However, if he became reemployed prior to this date it would be considered a return to employment, thereby causing this individual to return all funds withdrawn from the DROP fund plus interest as specified in LSA-R.S. 11:1938(L).
Moreover in addition to repaying DROP funds, it would appear that his monthly retirement benefits would be affected. LSA-R.S. 11:1928(A) and (B) allow an individual to temporarily return to work if the total annual hours worked is less than 480 and the employment is for sixty days or less. If an individual works in excess of 480 hours a year, his retirement benefits will be suspended and employee contributions shall resume.
 LSA-R.S. 11:1902(12)(a) defines an "employee" as:
 . . . any person who is employed as a permanent employee of a parish who works at least twenty-eight hours a week and whose compensation is paid wholly or partly by said parish, but excluding all persons employed by a parish or city school board, and all persons eligible for any other public retirement system in this state.
 LSA-R.S. 11:1928(A) and (B) state the following:
 A. Any person who has retired under the provisions of this Chapter may be temporarily employed by an employer covered by this Chapter; however, if the retiree, who is otherwise eligible, is employed on a permanent basis or is employed during any calendar year for more than sixty days or four hundred eighty hours, his retirement benefit shall be suspended and employee and employer contributions shall resume.
 B.(1) If the retired member, who is otherwise eligible, becomes permanently employed or is employed for more than sixty days or four hundred eighty hours during a calendar year, the retired member and the employer shall immediately notify the board of the retiree's date of employment, the amount of his monthly salary, any changes in salary, number of hours employed per week, estimated duration of employment, and date of termination of employment.
In a telephone conversation we had concerning this person, you indicated that you anticipate this job to require between 15 to 18 hours of this individual's time per week. Therefore, it would appear that this statute would adversely affect this individual's monthly retirement benefits. Moreover, as discussed above this is a return to work pursuant to LSA-R.S. 11:1938(L) and the individual would be required to return all funds withdrawn from the DROP fund plus interest.
Since the response to question two would be considered a return to work pursuant to LSA-R.S. 11:1938(L), it is not necessary to address your first question since you have indicated that this individual would not be interested in the job if has to return all funds withdrawn from the DROP fund plus interest.
I hope this opinion sufficiently addresses your concerns. If I can be further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON
ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
99-328.op